**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **STANLEY BEATY, SELMA BELL,** | § | |
| **THERESA RICKS, STEPHANIE ROSE,** | § | |
| **ERICA WILLIAMS, THE ESTATE OF** | § | |
| **DENNIS MALONE on behalf of themselves** | § | |
| **and all those similarly situated,** | § | **Civil Action No. 2:14-CV-58-JRG** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Jury Trial Demanded** |
| | § | |
| **THE HILLSHIRE BRANDS COMPANY,** | § | |
| **BIMBO BAKERIES USA, INC., JON and** | § | |
| **JANE DOES 1-10, inclusive,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
HILLSHIRE BRANDS COMPANY'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     STANDARD OF REVIEW ................................................................................... 2

III.    LEGAL ARGUMENT ........................................................................................... 3

        A.      Plaintiffs' Individual Claims Are Not Barred by the Statute of Limitations .......... 3
                1.      The Statute of Limitations Should Be Tolled Under the Continuing
                        Violation Doctrine ..................................................................................... 4

        B.      Plaintiffs' Individual Claims Should Not Be Dismissed because Plaintiffs Have
                Pled Facts that Plausibly State a Claim upon which Relief May Be Granted ........ 9
                1.      Plaintiffs Have Properly Pled Hostile Work Environment ......................... 9
                2.      Plaintiffs Have Properly Pled Retaliation ................................................. 12

        C.      Any Dismissal Should Be Without Prejudice and Plaintiffs Should Be Allowed
                Leave to Amend ................................................................................................. 12

IV.     CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Baylor Coll. of Medicine,* 805 F.2d 528 (5th Cir.1986) ........................................... 5, 9

*Ballard v. Wall,* 413 F.3d 510 (5th Cir.2005) ................................................................................. 2

*Bullard v. Texas Dep't of Aging & Disability Servs.*, 6:12CV919, 2013 WL 6513752 (E.D. Tex.
    Dec. 12, 2013) ............................................................................................................................ 2

*Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591 (E.D. Tex. 2003) ............... 4, 5, 6, 9

*Bustos v. Martini Club, Inc.,* 599 F.3d 458 (5th Cir.2010) ............................................................ 2

*Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................ 2

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .......................................... 13

*Harbin v. Cmty. Educ. Centers, Inc.*, 9:12CV12, 2012 WL 3073752 (E.D. Tex. June 14,
    2012)………………………………………………………………………………………2, 3

*Harris v. Forklift Systems, Inc*, 510 U.S. 17 (1993) ................................................................. 9, 10

*Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428 (5th Cir.2005) ....................................... 10

*Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) ......... 8

*Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102 (5th Cir. 1990) ............................................ 5

*Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644 (5th Cir.2012) ............................................ 9, 11

*Jones v. Alcoa, Inc.*, 339 F.3d 359 (5th Cir. 2003) ................................................................... 3, 4

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045 (5th Cir.1982).............. 2

*Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)) ........... 10

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, S. Ct. 2061, 153 L. Ed. 2d 106 (2002)…..
    .................................................................................................................... 6, 7, 9, 11

*Perez v. Laredo Junior College,* 706 F.2d 731 (5th Cir.1983) ...................................................... 5

*Reeves v. City of Jackson, Mississippi,* 532 F.2d 491 (5th Cir.1976) ............................................. 2

*Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396 (5th Cir. 2013) ....................................... 10

*Shepherd v. Comptroller of Pub. Accounts of State of Texas*, 168 F.3d 871 (5th Cir. 1999)

.................................................................................................... ……..9, 10, 11

*Sosa v. Coleman,* 646 F.2d 991 (5th Cir.1981) ............................................................................ 2

*Tinoco v. Raleeh*, 4:05CV367, 2006 WL 27287 (E.D. Tex. Jan. 5, 2006) .................................... 2

*Waltman v. Int'l Paper Co.,* 875 F.2d 468 (5th Cir.1989) ......................................................... 5, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................2, 3, 9

Federal Rule of Civil Procedure 15(a) ........................................................................................13

Plaintiffs Stanley Beaty, Selma Bell, Theresa Ricks, Stephanie Rose, Erica Williams, and the Estate of Dennis Malone on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, file this response to the Motion to Dismiss filed by Defendant Hillshire Brands Company ("Hillshire" or "Defendant") (Doc. No. 11) (the "Motion"), and in support thereof would show the Court as follows:

## I.      INTRODUCTION

Defendant's Motion is predicated on alleged insufficiencies in the Complaint filed by Plaintiffs.  Defendant argues that (1) Plaintiffs' individual and class claims are barred by the statute of limitations; (2) Plaintiffs' class claims should be barred or struck; and (3) Plaintiffs' individual claims should be dismissed because Plaintiffs have not pled facts that plausibly state a claim upon which relief may be granted.  As a threshold matter, Plaintiffs have filed concurrently herewith a Motion for Leave to File an Amended Pleading with a Reformed Caption ("Motion for Leave").  In their proposed First Amended Complaint, Plaintiffs have restyled the case as a mass action, omitting all references to class-wide relief.  This amended pleading will moot the majority of the arguments contained in Defendant's Motion.  Plaintiffs have further withdrawn their allegation of First Amendment Retaliation, currently alleged in Count IV of the Original Complaint.  *See* Dkt. 1, ¶¶ 90-92.  This withdrawal moots Defendant's arguments asserted in Section III(C)(3) of its Motion.

With respect to Defendant's remaining arguments, Plaintiffs have properly pled facts and stated claims upon which relief may be granted, and these claims are not time-barred.  In the event this Court finds that Plaintiffs have not properly pled hostile work environment and retaliation, or that Plaintiffs claims are barred by the statute of limitations, Plaintiffs seek leave to amend its complaint to include additional facts and allegations.  *See* Motion for Leave.

## II.     STANDARD OF REVIEW

"Motions to dismiss under FED. R. CIV. P. 12(b)(6) are viewed with disfavor and are rarely granted." *Harbin v. Cmty. Educ. Centers, Inc.*, 9:12CV12, 2012 WL 3073752 (E.D. Tex. June 14, 2012) *report and recommendation adopted,* 9:12CV12, 2012 WL 3074686 (E.D. Tex. July 27, 2012) (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982); *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981)). "Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief.'" *Tinoco v. Raleeh*, 4:05CV367, 2006 WL 27287 (E.D. Tex. Jan. 5, 2006) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Reeves v. City of Jackson, Mississippi,* 532 F.2d 491 (5th Cir.1976)) (emphasis added). "Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support her complaint.  Moreover, sufficient procedures are available to defendants to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support her complaint." *Tinoco*, 2006 WL 27287 at *1.  "When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff."  *Bullard v. Texas Dep't of Aging & Disability Servs.*, 6:12CV919, 2013 WL 6513752, at *2 (E.D. Tex. Dec. 12, 2013) (citing *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir.2010); *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir.2005)).

III.    **LEGAL ARGUMENT**

    A.    Plaintiffs' Individual Claims Are Not Barred by the Statute of Limitations

Defendant asserts that Plaintiffs' individual claims are barred by the statute of limitations. *See* Motion at 6.  In support of this argument, Defendant relies upon one distinguishable case. *Id.* (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359 (5th Cir. 2003)).  In *Jones*, plaintiffs did not allege a hostile work environment, but rather complained of discrete acts that were not continuous in nature.  *Jones*, 339 F.3d at 367.  Furthermore, the plaintiffs' Section 1981claims arose under the pre-November 1991 version of the statute, which covers only conduct that occurred in the formation of the contract.  *Id.* at 362.  Thus, in order to succeed on their Section 1981 allegations, plaintiffs were forced to allege that their assignment to the carbon plant was conduct that occurred in the formation of the contract.  *Id.* at 367 ("It is the plaintiffs, after all, who characterize their assignment to the carbon plant and potlining department as conduct that occurred in the formation of their contracts.").  Had they alleged that the claim arose after the formation of the contract, plaintiffs would not have an actionable claim under Section 1981. Further, the *Jones* plaintiffs never alleged—and the Fifth Circuit never considered—the continuing violation doctrine.  In the case currently before this Court, (1) Plaintiffs have alleged a hostile work environment; (2) Plaintiffs have not alleged their assignment was conduct that occurred in the formation of the contract; and (3) the continuing violation doctrine applies and tolls the statute of limitations.  Additionally, the *Jones* decision was analyzed under the summary judgment framework.  Here, Defendants seek dismissal of Plaintiffs' complaint by means of a motion to dismiss under to FED. R. CIV. P. 12(b)(6)— motions which that "viewed with disfavor and are rarely granted."  *Harbin*, 2012 WL 3073752, at \*2 (E.D. Tex. June 14, 2012).

Defendant further claims that Plaintiffs' "characterize[ation] of [their claims] as a hostile work environment . . . is legally inaccurate," but fails to provide any case law in support.  *See*

Motion at 6.  In the event Defendant intended to cite *Jones* in support of this argument, such reliance is improper and would constitute a misconstruction of the Fifth Circuit's opinion.  While it is true that the *Jones* plaintiffs did not assert a hostile work environment, the Court never opined that plaintiffs were not allowed to raise hostile work environment claims or that a hostile work environment did not exist.  Rather, the plaintiffs alleged (and were statutorily prohibited from alleging otherwise) discrete acts which occurred at the formation of the contract.  Thus, the Fifth Circuit did not have the opportunity to determine whether the policy of assigning black employees to areas containing dangerous amounts of asbestos (while white employees worked in areas free of asbestos)[1] created a hostile work environment.

1.      *The Statute of Limitations Should Be Tolled Under the Continuing Violation Doctrine*

The limitations period should be equitably tolled under the continuing violation doctrine because Plaintiffs' injuries are due to Defendant's continuing practice of discrimination based on race.  As this Court is aware, "[a]n equitable exception to the limitations period has been developed that may allow a plaintiff to maintain an action that would otherwise be barred by the statute of limitations."  *Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 604 (E.D. Tex. 2003).  This exception, known as the "continuing violation doctrine," "arises when the unlawful employment practice manifests itself over time, instead of as a single discriminatory act

---

[1] Furthermore, in *Jones*, the court noted that "any claim of either discriminatory assignment or exposure [by the *Jones* plaintiffs] is open to potentially serious challenge on the merits. Summary judgment evidence submitted by Alcoa indicates that white, as well as African–American workers, at the Rockdale plant were exposed to asbestos. In fact, Alcoa's summary judgment evidence indicates that of 600 white employees, 264 were also initially assigned to work in one of the three areas in question, the rod room, carbon plant, or potlining department; of 161 black employees, 80 were initially assigned to one of the same three areas." *Jones*, 339 F.3d at 364.  In the case currently before this Court, Plaintiffs allegations—which must be taken as true—indicate that black employees were assigned to areas where asbestos, black mold and other toxic chemicals were present, while white employees were assigned to work in office positions or other areas of the plant where exposure to such toxins was minimal. *See* Dkt. 1 at ¶¶17-18.

4

or a series of discrete acts." *Id.* (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989)).

The continuing violation doctrine has at least two different applications, the first of which has two variations. *Id.*; *see also Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990).  The first application—in which the original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred—allows the plaintiff to revive the time-barred conduct, on the theory that they are part of one, continuing violation. *Id.*  The second variation of the first application occurs when "an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations."  *Hendrix*, 911 F.2d at 1103.  Pursuant to this application, "a series of discrete acts only later recognizable as part of a general discriminatory pattern could properly be considered a continuing violation."  *Id.* at 1104.

A second application of the continuation violation doctrine was proffered by the Fifth Circuit in *Abrams v. Baylor Coll. of Medicine,* 805 F.2d 528, 534 (5th Cir.1986) (holding "that to establish a continuing violation [under Title VII], a plaintiff must show some application of the illegal policy to him (or to his class) within the 180 days preceding the filing of his complaint."); *Burrell*, 255 F. Supp. 2d at 608 (analyzing *Abrams*).  *See also Perez v. Laredo Junior College,* 706 F.2d 731, 733–34 (5th Cir.1983) (holding that "if the statutory violation occurs as a result of a continuing policy, itself illegal, then the statute does not foreclose an action aimed at the company's enforcement of the policy within the limitations period" and stating that "[w]e assume that the continuing violation theory is available to remedy employment practices and policies that operate to deny employees of their protected rights if the offending practice

continued to be enforced during the limitations period."); *Waltman.,* 875 F.2d at 475 (holding that "[a] plaintiff can prove a continuing violation either by producing evidence of a series of discriminatory acts or by demonstrating that the defendant has a policy of discrimination."); *Downey v. S. Natural Gas Co.,* 649 F.2d 302, 304 (5th Cir.1981) (holding that "[w]here an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice."). *See also Burrell*, 255 F. Supp. 2d at 604-08 (providing an in-depth analysis of Fifth Circuit "continuing violation doctrine" case law).

The primary difference between the two applications of the continuing violation theory is that in the first application, the plaintiff must be the subject of the discrimination during the limitations period. *Id.* at 608.  In the second application, the plaintiff need not be the subject of discrimination, so long as the discriminatory policy was in effect and enforced against either the plaintiff or a member of plaintiff's protected class during the limitations period. *Id.*  Both applications apply to this case.

Plaintiffs have properly pled hostile work environment, explained in greater detail *infra*. The continuing violation doctrine is applicable in hostile work environment cases where discrimination occurs over a period of time, rather than as discrete incidents. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S. Ct. 2061, 2077, 153 L. Ed. 2d 106 (2002).  According to Defendant's own case, "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."  *Id.* "Hostile work environment claims are different in kind from discrete acts. Their very nature involves repeated conduct."  *Id.* at 115.  The unlawful conduct therefore does not occur on any

particular day, but occurs over the course of days, months, or even years.  *Id.*  In *Morgan*, the Supreme Court held "that consideration of the entire scope of a hostile work environment claim, <u>including behavior alleged outside the statutory time period</u>, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period."  *Id.* at 105-107 (noting that the continuing violation doctrine allows courts to consider conduct that would normally be barred by the statute of limitations) (emphasis added).  Where, as here, "the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim."  *Id.* at 118.

Plaintiffs experienced racial discrimination and animosity throughout their employment at Sara Lee.  For example, racist comments and slurs were depicted on the bathroom walls.  Dkt. 1, ¶36.  Black workers were disproportionately assigned hazardous jobs that exposed them, on a daily basis, to asbestos and other toxins.  *Id.* at ¶¶ 17, 18, 38, 47, 70, 79.  The Sara Lee facility was segregated by race.  *Id.* at ¶71.  Black employees were disciplined more harshly than white employees.  *Id.* at ¶ 67.  This racially hostile work environment existed throughout Plaintiffs' employment[2] and therefore into the limitations period.  Because acts contributing to that hostile environment took place within the statutory time period, the alleged behavior that occurred outside the statutory time period is permissible for the purposes of assessing liability.[3]  *Morgan*, 536 U.S. at 105.

---

[2] No Plaintiff's employment was terminated prior to February 3, 2010; therefore, Plaintiffs have established that the hostile work environment existed during the limitations period.

[3] Defendant argues that "Plaintiffs' complaint is remarkable as it alleges *no* specific discriminatory conduct on or after February 3, 2010."  Motion at 7.  This statement is both false and irrelevant.  First, Plaintiffs need not allege discrete acts to succeed on a hostile work environment claim.  Second, Plaintiffs have alleged acts that occurred within the statute of limitations.  For example, Plaintiffs alleged that "[f]rom about 2006 to 2010, . . . 80% of the remaining employees [in an area contaminated with asbestos] were Black.  From 2010 to 2011, . . . approximately 73% of the remaining employees [in an area contaminated with asbestos] were Black."  Dkt. 1, ¶17.  During their

Furthermore, Defendant engaged in unlawful "racial steering" by disproportionately assigning black employees to hazardous positions and work areas, in which they were exposed to asbestos and other toxins.  A racial steering claim is similar to a hostile work environment claim in that, like a hostile work environment claim, a racial steering case includes a pattern and practice that cannot be said to occur on one day.  *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381, 102 S. Ct. 1114, 1125, 71 L. Ed. 2d 214 (1982) (defendant's pattern, practice, and policy of unlawful racial steering constituted a continuing violation made up of numerous incidents).

As such, the Supreme Court has held that the continuing violation doctrine applies to racial steering claims.  *See, e.g.*, *id*. at 380.  In *Haven Realty Corp. v. Coleman*, even though four of the five racial steering incidents occurred outside of the Fair Housing Act statute of limitations, the Supreme Court applied the continuing violation doctrine because the violation was "manifested in a number of incidents—*including at least one*" that occurred within the statute of limitations.  *Havens,* 455 U.S. at 380, 102 S.Ct. 1114 (emphasis added) (finding that none of the claims were time-barred where plaintiffs alleged a continuing pattern, practice, and policy of racial steering not based on isolated incidents but a continuing violation manifested in a number of incidents with at least one occurring within the relevant statute of limitations).  The Plaintiffs herein allege not only individual discrimination, but an over-arching pattern of practice which existed until, at least, their termination of employment from Sara Lee.  Given these allegations, the rule of *Havens* would save from prescription Plaintiffs' otherwise time-barred claims, provided they ultimately were found to be part of an over-arching illegal policy.

---

employment, these black employees were exposed to asbestos, black mold and other toxins.  *See, e.g.*, *id.* at ¶¶5, 18, 20, 57, 65.

In the case currently before this Court, Plaintiffs allege an illegal policy of disproportionately assigning black workers to dangerous positions in which they are exposed to asbestos and other toxins.  Dkt. 1, ¶¶5, 18, 20, 57, 65.  As a result, many of the Plaintiffs, and members of their protected class, have suffered medical complications and health issues including cancer, extensive respiratory problems, a hysterectomy, and death.  *Id.* at ¶¶5, 49, 62.  This policy was in effect and enforced against either Plaintiffs or members of Plaintiffs' protected class during the limitations period.  Therefore, pursuant to the second application of the continuing violation doctrine, the statute of limitations is tolled and any claims that would be time-barred are saved from such fate.  *Burrell*, 255 F. Supp. 2d at 608; *see also Abrams,* 805 F.2d at 534.

      B.    <u>Plaintiffs' Individual Claims Should Not Be Dismissed because Plaintiffs Have Pled Facts that Plausibly State a Claim upon which Relief May Be Granted</u>

Contrary to Defendant's assertions, Plaintiffs have properly pled hostile work environment and retaliation.  Additionally, as explained *supra*, Plaintiffs have properly alleged racial steering, an allegation that would remain even if Plaintiffs' hostile work environment and retaliation claims were dismissed.

      *1.    Plaintiffs Have Properly Pled Hostile Work Environment*

In support of its argument that Plaintiffs have failed to properly plead hostile work environment, Defendant relies upon four distinguishable cases.  In three of the four cases, the Court analyzed the plaintiffs' allegations under the more stringent framework of summary judgment, rather than the standard applied in a Rule 12(b)(6) motion to dismiss.  *See  Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644 (5th Cir.2012); *Shepherd v. Comptroller of Pub. Accounts of State of Texas*, 168 F.3d 871 (5th Cir. 1999); *Morgan*, 536 U.S. 101, 122 (analyzed *supra* and *infra*).  In *Harris*, the only case cited by Defendant in which a motion to dismiss was before the

court[4], the district court dismissed plaintiff's claims; the court of appeals affirmed; but the Supreme Court reversed and remanded for further proceedings consistent with the opinion. *Harris v. Forklift Systems, Inc*, 510 U.S. 17 (1993). In citing to *Harris*, Defendant admits that "the contact that is described [by Plaintiffs] . . . establishes that Plaintiffs worked in a work environment that was 'permeated with discriminatory intimidation, ridicule, and insult.'" Motion at 20.

The Fifth Circuit's opinion in *Shepherd v. Comptroller of Pub. Accounts of State of Texas*, 168 F.3d 871 (5th Cir. 1999)—also relied upon by Defendant—was later called into question by the Fifth Circuit in *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428 (5th Cir.2005). The court in *Harvill* observed that the *Shepherd* court had applied the wrong legal standard by requiring defendant's conduct to be "severe *and* pervasive," even though the Supreme Court has made clear that the standard is "severe *or* pervasive." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 402-03 (5th Cir. 2013) (citing *Harvill,* 433 F.3d at 434–35 (emphasizing that "severe or pervasive" is the verbatim standard enunciated in *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986))) (emphasis in original). The *Harvill* court further noted that applying the wrong standard can lead to the wrong outcome:

> Contrary to being an irrelevant distinction . . . the requirement that a plaintiff establish that reported abusive conduct be both severe *and* pervasive in order to be actionable imposes a more stringent burden on the plaintiff than required by law. The Supreme Court has stated that isolated incidents, if egregious, can alter the terms and conditions of employment. *See Faragher,* 524 U.S. at 788, 118 S.Ct. 2275. . . By contrast, under a conjunctive standard, infrequent conduct, even if egregious, would not be actionable because it would not be 'pervasive.'

---

[4] It is unclear whether a motion to dismiss or a motion for summary judgment was before the *Harris* courts. Plaintiffs assume for the purposes of this Response that a motion to dismiss was before the courts because there is no mention of summary judgment in the relevant opinions; however, it is possible a motion for summary judgment was at issue before the courts.

*Harvill*, 433 F.3d at 435.  Therefore, Defendant's reliance upon *Shepherd* is unpersuasive.

In citing to *Morgan*, Defendant claims that "Plaintiffs cannot bring a harassment claim unless they were subjected to acts that contributed to harassment on or after February 3, 2010." Motion at 19 (citing *Morgan*, 536 U.S. at 105).  This statement misconstrues *Morgan* and disregards the Supreme Court's holding that "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Morgan*, 536 U.S. at 105 (emphasis added). Plaintiffs were subjected to racial harassment and discriminatory policies on or after February 3, 2010.  These illegal policies and racial harassment contributed to the hostile work environment during the entirety of Plaintiffs' employment.

In *Hernandez*, the final case relied upon by Defendant in support of its argument regarding hostile work environment, the allegations before the court were much weaker and not comparable to those currently before this Court.  *See Hernandez,* 670 F.3d at 652 ("Hernandez was called a racially derogatory term on one occasion and once saw a poster or letter that was derogatory about Hispanics. Trevino once heard Mexicans referred to in a derogatory manner over a company radio and had seen a discriminatory posting or drawing. The district court found these incidents were 'plainly offensive to a Hispanic person,' but they could not support a hostile work environment claim because they were so few and occurred over more than a decade of employment.").

Here, Plaintiffs alleged racial discrimination and harassment that occurred, often on a daily basis, throughout their employment at Sara Lee.  *See, e.g.* Dkt. 1, ¶36 (allegations of racist comments and slurs); *id.* at ¶¶ 17, 18, 38, 47, 70, 79 (allegations of black workers assigned to

hazardous jobs that exposed them to asbestos and other toxins on a daily basis); *id.* at ¶71, 72 (allegations of assignments to dangerously hot areas without proper ventilation or breaks); *id.* at ¶71 (allegations of racial segregation); and *id.* at ¶42, 67. 73 (allegations of disparate treatment and disciplinary actions).

Because Plaintiffs pled a plausible claim for hostile work environment, Defendant's Motion to Dismiss must be denied.

## 2. *Plaintiffs Have Properly Pled Retaliation*

Defendant notes that "five of the six plaintiffs fail to allege any facts that establish they engaged in protected activity," and accordingly seeks to dismiss Plaintiffs' retaliation claim(s). Plaintiffs acknowledge that it does not allege retaliation claims for any of the original Plaintiffs, with the exception of the sixth Plaintiff, The Estate of Dennis Malone ("Malone"). Therefore, there exist no retaliation claims, other than that pled on behalf of Malone, for the Court to dismiss.

Malone's claim of retaliation should not be dismissed. Defendant admits that "Malone pleads . . . facts that, if true, could establish he engaged in protected conduct. Likewise, Malone. . . pleads fact that connect this protected conduct to [an] alleged adverse action." Motion at 20, n.8. Because Defendant confirms that Malone has properly pled a retaliation claim, Defendant's Motion should be denied with respect to Plaintiffs' allegations of retaliation.

## C.   Any Dismissal Should Be Without Prejudice and Plaintiffs Should Be Allowed Leave to Amend

In the event this Court determines Plaintiffs have failed to properly state a claim upon which relief may be granted and grants Defendant's Motion, the dismissal should be without prejudice, and Plaintiffs should be allowed leave to amend.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires, and should be granted absent some justification for refusal.  *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  More specifically, a leave to amend should be granted unless there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment."  *Id*.  Here, such an amendment is not sought for the purposes or with the motives cautioned above in the case currently before this Court; therefore, allowing leave to amend is proper if this Court determines Plaintiffs have failed to meet the pleading requirements.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Motion be denied.

Dated: July 28, 2014

Respectfully submitted,


/s/ Stefanie T. Scott

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
Andralee C. Lloyd
Texas State Bar No. 24071577
acl@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Stefanie T. Scott

Texas State Bar No.24061617
sscott@dpelaw.com
**DiNovo Price Ellwanger& Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
jellwanger@dpelaw.com

Sara Wyn Kane
N.Y. State Bar No. 2935617
skane@vkvlawyers.com
James A. Vagnini
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
Robert J. Valli, Jr.
N.Y. State Bar No. 2383107
rvalli@vkvlawyers.com
**Valli Kane &Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 28th day of July, 2014.

                    /s/ Stefanie T. Scott
                    Stefanie T. Scott

15