# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **STANLEY BEATY, SELMA BELL, THERESA RICKS, STEPHANIE ROSE, ERICA WILLIAMS, THE ESTATE OF DENNIS MALONE** on behalf of themselves and all those similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>**THE HILLSHIRE BRANDS COMPANY, BIMBO BAKERIES USA, INC., JOHN and JANE DOES 1-10, inclusive,**<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 2:14-CV-58<br><br>ORAL HEARING REQUESTED |

### DEFENDANT BIMBO BAKERIES USA, INC.'S
### OPPOSITION TO PLAINTIFFS' MOTION
### FOR LEAVE TO FILE AN AMENDED PLEADING

Respectfully submitted,

Michael J. Puma, Lead Attorney
(admitted *pro hac vice*)
Email:  mpuma@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     215.963.5305
Facsimile:     215.963.5001

Kristen A. Laster
Texas Bar No. 24076499
Email: klaster@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone:     214.466.4000
Facsimile:     214.466.4001

ATTORNEYS FOR DEFENDANT
BIMBO BAKERIES USA, INC


## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 1

III. ARGUMENT AND AUTHORITY ....................................................................................... 3

    A. Futility Is Grounds To Deny The Proposed Amendment. ....................................... 3

    B. Plaintiffs' Proposed Amended Complaint Would Be Futile .................................. 4

IV. CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Babbage Holdings, LLC v. Activision Blizzard, Inc.,
  Nos. 13-750, 13-751, 13-753, 13-755, 13-758, 13-764, 13-765, 13-766, 2014 WL
  2115616 (E.D. Tex. May 15, 2014) (Gilstrap, J.) ...................................................................6

Buchanan v. U.S. Bank N.A.,
  No. 13-3525, 2014 WL 3045107 (S.D. Tex. July 3, 2014) .................................................3, 5

Ellis v. Yellow Book Sales and Distrib. Co.,
  No. 11-138, 2012 WL 689273 (E.D. Tex. Mar. 2, 2012) (Gilstrap, J.) ....................................5

Erwin v. Russ,
  481 F. App'x 128 (5th Cir. 2012) .............................................................................................6

Ferguson v. Bank of New York Mellon Corp.,
  No. 13–279, 2014 WL 2815487 (S.D. Tex. June 23, 2014) .....................................................3

Gen. Elec. Capital Corp. v. Lease Resolution Corp.,
  128 F.3d 1074 (7th Cir. 1997) ..................................................................................................5

Jenkins v. Methodist Hosps. of Dallas, Inc.,
  478 F.3d 255 (5th Cir. 2007) ....................................................................................................6

Jennings v. Joshua Indep. Sch. Dist.,
  948 F.2d 194 (5th Cir. 1991) ....................................................................................................6

Rojas v. TK Commc'ns, Inc.,
  87 F.3d 745 (5th Cir. 1996) ..................................................................................................4, 5

Sigaran v. U.S. Bank Nat. Ass'n,
  560 F. App'x 410 (5th Cir. 2014) .........................................................................................3, 5

Stripling v. Jordan Prod. Co.,
  234 F.3d 863 (5th Cir. 2000) ....................................................................................................3

United States ex rel. Steury v. Cardinal Health, Inc.,
  625 F.3d 262 (5th Cir. 2010) ....................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) .......................................................................................................................3

Defendant Bimbo Bakeries USA, Inc. ("Defendant" or "BBUSA") respectfully objects to, and requests that the Court deny, Plaintiffs' Motion for Leave to File An Amended Pleading With A Refined Caption ("Motion to Amend") for the reasons set forth below.

## I.    INTRODUCTION

As explained in BBUSA's pending Motion to Dismiss, Plaintiffs' original Complaint failed to allege any facts to support a plausible claim against BBUSA as a purported successor. If anything, the Complaint curiously pled facts specifically confirming that it would be improper to impose successor liability here.  Despite now being well aware (from BBUSA's Motion) of the law in this jurisdiction governing successor liability, Plaintiffs do not offer a single fact among the nearly 250 new paragraphs in the proposed Amended Complaint to support successor liability.  Instead, Plaintiffs continue to recklessly name BBUSA as a defendant, causing it to continue to incur substantial legal fees, without any good faith factual or legal basis to do so.  For all the reasons set forth below and in the Motion to Dismiss, the request to file the Amended Complaint should be denied as futile and BBUSA should be dismissed from this action.

## II.    BACKGROUND

Plaintiffs filed their original Complaint against BBUSA and Hillshire Brand Company ("Hillshire") on February 3, 2014 ("Complaint"), approximately four years after the end of their employment.  See Complaint, Dkt. No. 1 ("Compl").  Plaintiffs and the additional Plaintiffs they seek to add in the Amended Complaint were all former employees of Sara Lee Corporation ("Sara Lee"), now known as Hillshire Brands Company ("Hillshire"), at a commercial bakery in Paris, Texas (the "Paris Plant") that produced Sara Lee products.  See Compl. ¶¶ 5, 22; Proposed Amended Complaint ¶ 3, Dkt. No. 18-1 ("Am. Compl.").

Plaintiffs' employment with Sara Lee, including the employment of the additional proposed Plaintiffs in the Amended Complaint, ended in or before August 2010.  Compl. ¶¶ 30,

41, 47, 53, 59, 68; Am. Compl. ¶¶ 51, 64, 70, 77, 84, 94, 105, 114, 120, 129, 135, 147, 157, 167, 177, 183, 193, 199, 213, 221, 233, 244, 250, 256, 263, 273, 280, 299, 306, 312.  Thus, Plaintiffs' employment ended with Sara Lee well over a year (and for some Plaintiffs nearly two years) before BBUSA's upstream parent (not BBUSA, as Plaintiffs allege) completed the purchase of a portion of Sara Lee's North American fresh bakery business in November 2011.  Compl. ¶ 6; Am. Compl. ¶ 4.  After Plaintiffs filed their Complaint, BBUSA provided information to Plaintiffs showing that the Paris Plant was not part of that transaction, BBUSA did not take on as employees any of the Plaintiffs or their managers, and BBUSA was improperly named a defendant.  BBUSA requested that Plaintiffs dismiss BBUSA, suggesting that at a minimum they could dismiss BBUSA without prejudice and then seek to add the company as a party if discovery revealed some basis for successor liability (which it would not). Plaintiffs refused and instead served BBUSA months later on May 28, 2014.

On June 30, 2014, Hillshire filed a Motion to Dismiss the Complaint ("Hillshire's Motion").  See Hillshire's Motion to Dismiss, Dkt. No. 11.  On July 17, 2014, BBUSA filed its Motion to Dismiss Plaintiffs' claims for failure to plead a plausible claim to hold BBUSA liable as a successor.  See BBUSA's Motion to Dismiss, Dkt. No. 16.  Plaintiffs filed a response to Hillshire's Motion on July 28, 2014.  See Plaintiffs' Opposition to Hillshire's Motion, Dkt. No. 17.  On this same date, in an apparent attempt to rectify the deficiencies in their Complaint identified by Hillshire's Motion, Plaintiffs filed a Motion for Leave to Amend their Complaint and submitted a proposed Amended Complaint with their Motion.  See Plaintiffs' Motion to Amend, Dkt. No. 18.  The Amended Complaint removes the class allegations and adds an additional 24 Plaintiffs with specific allegations for these named Plaintiffs.  The Amended Complaint does not, however, cure any of the deficiencies in Plaintiffs' faulty attempt to impose successor liability on BBUSA.

III.     **ARGUMENT AND AUTHORITY**

    A.     <u>**Futility Is Grounds To Deny The Proposed Amendment.**</u>

Under Federal Rule of Civil Procedure ("Rule") 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15 permits an amendment only "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under Rule 15(a), denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." <u>Ferguson v. Bank of New York Mellon Corp.</u>, No. 13–279, 2014 WL 2815487, at *3 (S.D. Tex. June 23, 2014) (citing <u>United States ex rel. Steury v. Cardinal Health, Inc.</u>, 625 F.3d 262, 270 (5th Cir. 2010)). Without waiving other possible grounds for opposing Plaintiffs' request for leave, BBUSA focuses below on the futility of Plaintiffs' proposed Amended Complaint.

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that a "proposed amendment . . . would fail to state a claim upon which relief can be granted." <u>Id.</u> (citing <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 873 (5th Cir. 2000)). "Amending a complaint is futile when the proposed amendment could not survive a motion to dismiss." <u>Sigaran v. U.S. Bank Nat. Ass'n</u>, 560 F. App'x 410, 416 (5th Cir. 2014) (internal citations and quotations omitted). Further, "a plaintiff should be denied leave to amend a complaint if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." <u>Buchanan v. U.S. Bank N.A.</u>, No. 13-3525, 2014 WL 3045107, at *3 (S.D. Tex. July 3, 2014) (internal citations and quotations omitted). Plaintiffs' proposed amendment, like the original Complaint, cannot survive BBUSA's pending Motion to Dismiss and, therefore, leave to amend should be denied based on futility.

B.     **Plaintiffs' Proposed Amended Complaint Would Be Futile.**

Plaintiffs' attempt to amend their Complaint would be futile. As explained in BBUSA's Motion to Dismiss, Plaintiffs did not even attempt to plead that BBUSA directly discriminated against them to hold BBUSA directly liable and also failed to adequately plead a basis for successor liability.[1] Specifically, BBUSA's Motion identified the factors necessary to establish successor liability, which include: (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether it uses the same or substantially same work force; (6) whether it uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether it uses the same machinery, equipment, and methods of production; and (9) whether it produces the same product. Rojas v. TK Commc'ns, Inc., 87 F.3d 745, 750 (5th Cir. 1996)).

Like the Complaint, the proposed Amended Complaint fails to offer a single fact allegation supporting any of these factors and thus the amendment is futile because the Amended Complaint fails to plead a plausible basis for successor liability. Most significant, like the original Complaint, the proposed Amended Complaint continues to allege facts confirming that Hillshire is a viable company (see Compl. ¶¶ 7, 8; Am. Compl. ¶¶ 5, 8 ). Those facts alone

---

[1]     In addition to failing to address the deficiencies in BBUSA's Motion to Dismiss, the Amended Complaint is inconsistent with Plaintiffs' statements in their opposition to Hillshire's Motion to Dismiss and in the Motion for Leave to File the Amended Complaint. For example, Plaintiffs' Motion for Leave states that the Amended Complaint asserts a Title VII claim, but in fact the Amended Complaint contains no such claim. Additionally, Plaintiffs' opposition brief to Hillshire's Motion to Dismiss and the Motion to Amend states that the class claims have been withdrawn in the proposed Amended Complaint, but there are still references to Plaintiffs "bring[ing] this action on behalf of themselves and other similarly-situated individuals." See Am. Compl. ¶ 1. Despite having years to file the original Complaint and then nearly six months to craft a proposed Amended Complaint, Plaintiffs still are not demonstrating the appropriate level of care for careful and thoughtful pleading when dragging defendants into a costly lawsuit.

should be dispositive of the successor liability issue, as explained in BBUSA's Motion to Dismiss.  Moreover, Plaintiffs do not and could not plead in good faith any of the remaining Rojas factors.  For instance, Plaintiffs did not and could not plead that BBUSA had notice of their claims, which it did not.  Plaintiffs also did not and could not allege the remaining factors, which relate to the continuity of operations at the Paris Plant, because *the Amended Complaint still admits that the facility was shuttered at the same time as the unrelated BBUSA transaction and that Sara Lee closed the plant.*  See Compl. ¶ 21; Am. Compl. ¶¶ 261, 272, 298.

For all of these reasons, leave to amend would be futile and should be denied.  See Sigaran, 560 F. App'x at 416 (affirming denial of leave to amend complaint as futile because the proposed amendment did not explain how it could cure the deficiencies in the original complaint); Buchanan, 2014 WL 3045107, at *5 (denying leave to amend as futile because plaintiff failed to state a claim for breach of contract and the previous amendment also failed to cure such pleading deficiencies); Ellis v. Yellow Book Sales and Distrib. Co., No. 11-138, 2012 WL 689273, at *4 (E.D. Tex. Mar. 2, 2012) (Gilstrap, J.) (granting motion to dismiss and denying leave to amend complaint because the original and the proposed first amended complaint both failed to state a claim upon which relief could be granted).  Courts have seen before failed attempts to plead successor liability in a proposed amended pleading, and they properly have rejected those efforts.  See, e.g., Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1084-85 (7th Cir. 1997) (affirming dismissal and denial of leave to amend as futile when plaintiff could not state a claim for successor liability).

Allowing Plaintiffs to file an Amended Complaint also would be inconsistent with Federal Rule 15 because "justice" does not support permitting the amendment under the circumstances here.  Plaintiffs and their counsel have had ample opportunity to educate themselves about the law and facts pertinent to the successor liability inquiry as it relates to

BBUSA, but they persist in their plainly meritless claims against BBUSA. To avoid such a frivolous filing, attorneys "who sign[] a pleading or other paper or affidavit [must] first conduct[] a reasonable inquiry." Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 197 (5th Cir. 1991). To make the required "reasonable inquiry," an attorney has an affirmative duty to conduct a reasonable inquiry into the facts and law before filing a complaint. A lawyer must "stop-and-think before making legal or factual contentions." Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 265 (5th Cir. 2007) (internal citations omitted). Yet, even after receiving BBUSA's Motion to Dismiss and being provided information confirming that BBUSA did not acquire the facility where Plaintiffs worked and that the fact allegations in the Complaint cannot support liability against BBUSA, Plaintiffs and their counsel continue to press their successor liability theory.[2] The Court would be well within its discretion to deny amendment.

---

[2] BBUSA notes that this Court has called upon other plaintiffs' counsel to show cause why sanctions should not be imposed when they have pursued baseless claims. See, e.g., Babbage Holdings, LLC v. Activision Blizzard, Inc., Nos. 13-750, 13-751, 13-753, 13-755, 13-758, 13-764, 13-765, 13-766, 2014 WL 2115616, at *1-2 (E.D. Tex. May 15, 2014) (Gilstrap, J.) (granting defendant's motion to dismiss under Rule 12(b)(6) because plaintiff failed to plead a plausible claim and ordering plaintiff's counsel to show cause why sanctions should not be imposed for a violation of duties under Federal Rule 11(b)); Erwin v. Russ, 481 F. App'x 128, 132 (5th Cir. 2012) (finding that this Court did not abuse its discretion in *sua sponte* awarding $25,000 in fees and sanctions when plaintiff's RICO claims were frivolous, in part, because they failed to allege facts to support elements of the claim).

IV. **CONCLUSION**

For the reasons stated above and in BBUSA's Motion to Dismiss,[3] BBUSA respectfully requests that Plaintiffs' Motion to Amend be denied. Alternatively, BBUSA would withdraw its objection to the Motion to Amend if it were dismissed from this lawsuit.

Dated: August 7, 2014

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Michael J. Puma
Michael J. Puma, Lead Attorney
(admitted *pro hac vice*)
Email: mpuma@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5305
Facsimile: 215.963.5001

Kristen A. Laster
Texas Bar No. 24076499
Email: klaster@morganlewis.com
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Telephone: 214.466.4000
Facsimile: 214.466.4001

ATTORNEY FOR DEFENDANT BIMBO BAKERIES USA, INC.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF Filing System, on this 7th day of August, 2014, per Local Rule CV-5(a) and (d).

/s/Michael J. Puma
Michael J. Puma

---

[3] As stated in its Motion to Dismiss, BBUSA reserves the right to address in its reply brief the opposition brief filed by Plaintiffs on July 29, 2014 (Dkt. No. 17) in response to Hillshire's Motion. At this same time, BBUSA will also reply to Plaintiffs' response, if any, to BBUSA's separate Motion to Dismiss.