## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| STANLEY BEATY ET AL., | § | Civil Action No. 2:14-cv-58-JRG-RSP |
| | § | |
| Plaintiffs, | § | |
| | | |
| EQUAL EMPLOYMENT OPPORTUNITY | § | |
| COMMISSION | § | |
| | | |
| v. | § | Civil Action No. 2:15-cv-1347-JRG-RSP |
| | | |
| THE HILLSHIRE BRANDS COMPANY ET AL. | § | |
| | § | |
| Defendants. | § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") and Defendant The Hillshire Brands Co., f/k/a Sara Lee ("Hillshire"). This Consent Decree relates to Civil Action No. 2:14-cv-00058, an action consolidated with Civil Action No. 2:15-cv-01347 that the EEOC initiated on behalf of Charging Parties Carolyn Brown, Anthony Burton, Kurt Burkes, Tarsha Butler, Angela Calvin, Stephanie Cooper, LaTarya Council, Letrice Dangerfield, Daphne Flowers, Ricky Flowers, Damien Franklin, Derek Franklin, Carlos Gill, Daphne Harris, Donald Harris, Cassandra Holt, Rosiland Holt, Stacie Kimble, Stacy King, Elois Miles, Shatara Moore, Casey Washington, David Washington, Carolyn Williams, and Cherita Woods (the named Charging Parties) and a class of other aggrieved individuals,

alleging violations under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.

The above-referenced Complaint alleges that the Defendant discriminated against the Charging Parties and a class of African-American aggrieved individuals by subjecting them to harassment that created a hostile work environment because of their race, African-American.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the EEOC's Complaint, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree. It is understood and agreed that this Consent Decree is in compromise of the disputed claims.

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. Plaintiff EEOC's Complaint states claims which, if proven, would authorize this Court to grant relief against Defendant.

2. The effective date of this Consent Decree will be the date when it is signed and filed by the Court.

3. This Consent Decree resolves all issues raised in the Charges of Discrimination filed by the Charging Parties (450-2013-00413, 450-2012-03976, 450-2012-03263, 450-2012-03266, 450-2012-03267, 450-2012-03268, 450-2012-03269, 450-2012-03270, 450-2012-03265, 450-2012-03264, 450-2012-03241, 450-2012-03258, 450-2012-03281, 450-2012-03278, 450-2012-03276, 450-2012-03282, 450-2012-03277, 450-2012-03283,

450-2012-03279, 450-2012-03272, 450-2012-03271, 450-2012-03275, 450-2012-03274, 450-2012-03273, and 450-2012-03280), and all claims raised in the EEOC's Complaint. Plaintiff EEOC waives further litigation of all issues raised in its Complaint. Plaintiff EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or which may be filed in the future against Defendant. The EEOC does not waive processing or litigating Charges other than the above-referenced charges. Hillshire reserves all defenses to any such charges including defenses that any Charges not yet filed are barred by the statute of limitations, laches, and waiver.

4. The duration of this Consent Decree shall be two (2) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any violation of this Consent Decree by Defendant and/or its officers, employees, servants, successors, or assigns shall toll the running of this 2-year period as of the date of the violation.

5. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from: (i) discriminating against employees on the basis of race; (ii) engaging in or being a party to any action, policy or practice that is intended or known to them to have the effect of harassing or intimidating any employee on the basis of race; or (iii) creating, facilitating, or permitting the existence of a work environment that is racially hostile to its employees. Defendant is further enjoined from: retaliation in any way against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of

1964 or because of the filing of a charge, giving of testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

6. The Defendant shall post the Notice appended hereto as Attachment "A" in its Employee Break Rooms in the following facilities within thirty (30) days after the entry of this Consent Decree: Haltom City, Texas; Kansas City, Kansas; and St. Joseph, Missouri. Defendant will report to the EEOC that it has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the 2-year term of this Consent Decree. Defendant further agrees that upon hire, all new employees (at the foregoing listed facilities) will be provided a copy of Attachment A and will be informed that it is the Defendant's policy against discrimination. New employees at the foregoing listed facilities also will be provided with a list of contact information for those corporate managers responsible for resolving complaints of employment discrimination. New employees will be instructed how and where to report any complaints of discrimination.

7. Defendant agrees to implement the Hillshire Brands Graffiti Abatement Policy and program specified in Attachment B at the following facilities within 60 days after entry of this Consent Decree: Haltom City, Texas; Kansas City, Kansas; and St. Joseph, Missouri. This policy and program shall remain in effect during the 2-year pendency of this Consent Decree.

8. Defendant agrees that it shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment, discrimination and retaliation and shall ensure that its complaint mechanisms are clearly communicated to all employees. Defendant agrees that it shall designate at least one employee at each of its

facilities as individuals who may be contacted to report harassment, and their names, job titles, work locations and telephone numbers shall be routinely and continuously posted on employee bulletin boards at each facility. Their contact information also will be contained in Attachments A and B. As part of its reporting procedure, Defendant agrees that it will take seriously anonymous complaints received and investigate any anonymous complaint in a manner consistent with this policy. Defendant agrees that it shall make best efforts to ensure that appropriate remedial action is taken to resolve complaints and to avoid the occurrence of incidents of discrimination and retaliation, including discipline, up to and including termination, where appropriate for managers and employees found to have been responsible for violations of the policy on discrimination and Defendant further agrees to take steps to ensure that the results of an investigation and the reasons for the finding are communicated to the complaining employee in an appropriate manner.

9. Defendant agrees to distribute Attachments A and B at the training session required by paragraph 10. Defendant agrees to also post Attachments A and B at its Kansas City, Kansas and St. Joseph, Missouri facilities.

10. For each calendar year that this Consent Decree is in effect, Defendant shall conduct at least one training session for all employees, including management and supervisory employees, officers, human resources personnel, assistant managers and all hourly employees at its Haltom City, Texas facility advising them of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on Title VII of the Civil Rights Act of 1964. Defendant will include in this training its policy against discrimination (Attachment A). The training will also advise employees of the company's

strong stance against graffiti in the workplace and the efforts Hillshire Brands will take to prevent and correct graffiti in the workplace. The training will also advise employees of the reporting procedures for individuals who believe they have been discriminated against and the procedure to use when reporting graffiti in the workplace. The training will also include a specific discussion or instruction relating to the issue of racial harassment and a hostile work environment. The training shall be at least one (1) hour in duration. The training may be conducted online or through a video linkup. No less than thirty (30) days after each such training session is conducted, Defendant agrees to give written notice to the EEOC as to: (i) the date and location of the training; (ii) the name of the person providing the training; (iii) a list of the employees attending the training; and (iv) the substance of the training.

11. Defendant shall impose discipline – up to and including termination, suspension without pay or demotion – upon any employee who is found by reasonable evidence to have engaged in discrimination on the basis of race, or permitted any such conduct to occur in his or her work area or among employees under his or her supervision, including but not limited to racial graffiti.

12. Defendant shall advise the facility manager and supervisors of their duty to actively monitor their worksite to ensure employees' compliance with the Hillshire Brands' policy against discrimination on the basis of race, including prevention of racial graffiti, and to report any incidents and/or complaints of discrimination on the basis of race of which they become aware directly to their supervisor or manager, the Human Resources Manager, or the Global Business Practices Resource Line. Managers also will be advised of their duty

to actively monitor their worksites for graffiti, and how to report any incidents of graffiti to the Human Resources Manager.

13. Defendant agrees to forward a report to the EEOC every six (6) months identifying complaints of race-based discrimination made by any of Defendant's employees at its Haltom City, Texas facility along with a summary of the disposition of each complaint. Defendant further agrees to provide to the EEOC, if requested by the EEOC in response to the report, any and all non-privileged documents evidencing the company's investigation of the complaint and the remedial action taken, if any.

14. Defendant agrees to pay a sum total of $4,000,000 (Four Million Dollars) in monetary relief to resolve the claims of the Charging Parties and all other aggrieved individuals identified by the EEOC and the Plaintiffs. This settlement resolves the claims of all 74 persons identified in the consolidated action.

The amount of each individual payment of the total sum in this Consent Decree has been determined and agreed upon by the EEOC, Valli Kane & Vagnini, Charging Parties, and aggrieved individuals and will be presented in a Payment Distribution List to Defendant and its Counsel within 30 days after the effective date of the Consent Decree. Payment shall be made within 10 days after (a) the Payment Distribution List of persons and amounts have been presented to Defendant, or (b) at a date agreed upon by the parties and EEOC.

In the event that any payment cannot be made to any person on the Payment Distribution List who is to receive payment pursuant to this Consent Decree within 90 days of the execution of this Consent Decree, the money allocated to such payment shall revert

to a Distribution Fund to be redistributed to Charging Parties or Aggrieved Individuals that EEOC will identify and provide to Defendant within 60 days after reversion and after consultation with those persons affected who are also represented by private counsel.

Defendant shall issue an IRS Form 1099 for the payments made to the Charging Parties and other aggrieved individuals on the Payment Distribution List. Defendant agrees to provide a report to the Commission within sixty (60) days after all payments are made listing the payments made to the Charging Parties and all Aggrieved Individuals. Except where payment is made electronically, this report will include photocopies of Checks and photocopies of any Certified Mail Return Receipts signed by the Charging Parties and all Aggrieved Individuals as proof of payment.

15. All reports to the EEOC required by this Decree shall be sent to Suzanne Anderson, Supervisory Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, Texas 75202.

16. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

17. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be

construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

18. Each party shall bear its own costs, including attorneys' fees incurred in this action.

**So ORDERED and SIGNED this 18th day of December, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

ON BEHALF OF THE EEOC:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Suzanne M. Anderson for Robert A. Canino
ROBERT A. CANINO
 Regional Attorney
Oklahoma State Bar No. 011782

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 S. Houston St. 3rd Floor
Dallas, Texas 75202-4726
Telephone: (214) 253-2750
Facsimile: (214) 253-2749


ON BEHALF OF THE DEFENDANTS:



/s/ Vanessa Griffith
VANESSA GRIFFITH
Attorney at Law
Texas State Bar No. 00790469

VINSON & ELKINS
Trammell Crow Center
2001 Ross Ave., Ste. 3700
Dallas, Texas 75201
Telephone: (214) 220.7713
Facsimile: (214) 999.7713

# ATTACHMENT A

## NOTICE TO ALL EMPLOYEES

**THIS NOTICE IS BEING PROVIDED PURSUANT TO AN AGREEMENT BETWEEN THE HILLSHIRE BRANDS, CO. AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. Hillshire Brands maintains a policy that prohibits discrimination, which is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on harassment and to reiterate Hillshire Brand's policy on harassment.

**SCOPE:** This policy extends to all employees -- both management and non-management of Hillshire Brands.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

Offensive conduct may include, but is not limited to, offensive jokes, slurs, racial graffiti, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Hillshire Brands has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to his or her supervisor or manager, the Human Resources Manager (xxx-xxx-xxxx), or the Company's toll-free hotline (xxx-xxx-xxxx). Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Human Resources.

### Employment Opportunity Commission

A person may, alternatively or in addition to reporting such an allegation to company officials, contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 S. Houston St., Dallas, Texas 75202; (214) 253-2700. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** Hillshire Brands promptly investigates each complaint. The investigation may include interviews of employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they reasonably believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

Hillshire Brands will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Hillshire Brands will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO YEARS.**

Signed this __ day of _____ 2015.

_____      _____
Date            On Behalf of The Hillshire Brands

# ATTACHMENT B

## GRAFFITI ABATEMENT POLICY

Graffiti is the words, colors, and shapes drawn or scratched on buildings, in bathrooms and on walls, desks, and other surfaces. It's done without permission and it's against the law. The FBI's Uniform Crime Reporting Program considers graffiti vandalism.

At Hillshire Brands, graffiti is considered vandalism to company property. Hillshire Brands is committed to preventing persons from defacing company property with graffiti, and is committed to making every effort to remediate graffiti as quickly as possible – within 24-48 hours of receiving a complaint of graffiti in the worksite if possible.

The cost of repairing the damage and painting over graffiti is significant. If you see graffiti or vandalism in progress, please report it immediately to the Human Resources Manager at xxx-xxx-xxxx or the Plant Manager at xxx-xxx-xxxx. Reports of graffiti can be anonymous. Hillshire Brands is taking the following immediate steps to eliminate graffiti in the workplace:

1. Requiring on-site supervisors and managers to monitor the employee bathrooms on a monthly basis and immediately report any graffiti to Human Resources.

2. Committing to abating graffiti as quickly as possible after receiving a report of graffiti in the workplace.

3. Any employee found to have created graffiti in the workplace will be subjected to discipline up to and including termination.

4. Any supervisor or manager who has received a report of graffiti from an employee pursuant to this policy and fails to then report that graffiti to the Human Resources Manager or the Plant Manager will be subjected to discipline up to and including termination.

**THIS NOTICE OF THE GRAFFITI ABATEMENT POLICY SHALL REMAIN POSTED UNTIL _____, AND SHALL NOT BE REMOVED OR DEFACED FOR ANY REASON.**

Signed this \_\_ day of _____, 2015.

_____  _____
Date                                       On Behalf of The Hillshire Brands